**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50100 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01656-BEN-1 |
| v. | |
| ANGEL SALINAS-MANDUJANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Angel Salinas-Mandujano appeals from the district court's judgment and

challenges the 75-month sentence and the 5-year term of supervised release

imposed on remand following his guilty-plea conviction for importation of

methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Salinas-Mandujano contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The government's arguments, which the district court adopted, support the court's conclusion that Salinas-Mandujano did not show that, as compared to all possible co-participants in the offense, he was not "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A). Though the district court did not explicitly discuss each of the Guideline factors, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), it was not required to do so, particularly given that this was Salinas-Mandujano's third sentencing hearing before the same judge and each hearing primarily concerned the minor role adjustment. *See United States v. Diaz*, 884 F.3d 911, 914-15 (9th Cir. 2018). The court did not abuse its discretion in denying the adjustment. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (district court may deny minor role reduction even if some factors weigh in favor of granting it).

Salinas-Mandujano next contends that the district court procedurally erred by failing to explain the term of supervised release adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir.

19-50100

2010), and conclude that there is none. The record as a whole reflects the district court's reasons for imposing the above-Guidelines term of supervised release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole).

**AFFIRMED.**